**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, an individual, on behalf of herself and the surviving beneficiaries of John Doe; and Estate of John Doe,<br><br>        Plaintiffs,<br><br>vs.<br><br>City of Phoenix, a municipality; Lieutenant Vincent Piano, in his individual and official capacities as an officer with the City of Phoenix Police Department; Detective David Duron, in his individual and official capacities as an officer with the City of Phoenix Police Department; and Detective Joseph Lanzo, in his individual and official capacities as an officer with the City of Phoenix Police Department,<br><br>        Defendants. | No. CV-07-1901-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion To Compel Production of Los Angeles Police Department's ("LAPD") Records (Dkt. # 86) the Plaintiff's Joinder in that Motion (Dkt. # 95) and LAPD's Response thereto (Dkt. #97). For the reasons set forth below, the Court determines that, for the most part, the contents of the subpoenaed file should be provided to the parties in this action subject to a protective order, the terms of which will be detailed in a separate order accompanying this order. Further, prior to turning

over the documents subject to the protective order, the LAPD is authorized to make the redactions to the file documents as further herein specified.

## BACKGROUND

In the underlying action Plaintiffs assert that Defendants wrongfully exposed the decedent to the likely risk of death in negligently allowing him to undertake and/or directing his operations as a police informant who was providing transport services to a drug-trafficking organization with which he had likely been compromised. Because the decedent was referred to the Phoenix Police Department by the LAPD, Defendants subpoenaed the LAPD's informant file for the decedent in this action. Defendants assert that they need this information to establish the decedent's "prior experience working with law enforcement and his prior contact and involvement with individuals involved in drug trafficking or criminal behavior." In their joinder, Plaintiffs assert they need the information to establish the opposite. Defendants and Plaintiffs both also assert that they need the information in the file pertaining to other confidential sources of the LAPD because "during depositions one of [the decedent's] family members testified that after his death, she was contacted by "Tomas," who represented that he was associated with the LAPD." It is posited by the parties that "Tomas" may be a confidential informant or an undercover officer and he "may have critical information regarding Plaintiffs' claims."

In its Opposition to the Motion to Compel (Dkt. # 97) the LAPD generally asserts the common law enforcement privilege. *See In re Dep't of Investigation of City of New York,* 856 F.2d 481, 484 (2d Cir. 1988). The purpose of that privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation and otherwise to prevent interference with an investigation." *Id.* at 484. In the LAPD's Response it generally argues that the disclosure of the decedent's informant file would result in possibly compromising confidential sources other than the decedent, and special LAPD operations, not connected to this case. But, as Defendants note, it fails in its Response to specify with any particularity the information for which protection

is sought and explain why the information falls within that privilege. *See, e.g., Kerr v. United States District Court,* 511 F.2d 192, 198 (9th Cir. 1975); *United States v. Winner,* 641 F.2d 825, 831 (10th Cir. 1981). In response to the Court's order for in camera review, LAPD Sgt. Brian Heany unexpectedly hand-delivered a copy of the informant file to the Court in person. At the request of the Court he identified the nature of the individual documents contained within the informant file. During that process he identified those documents containing information such as amounts, locations, investigatory targets, confidential informants and undercover police personnel and details related to their identity that he asserted to be confidential. That conversation occurred on the record but in camera and under seal.

## ANALYSIS

While the Court concludes that LAPD does have the right to assert the law enforcement privilege, that right must be balanced against the rights of the parties to this litigation to discover such information as is necessary and relevant to their claims and defenses. In its balancing the Court determines that there is no significant information in the documents pertaining to the activities of the decedent, the investigation in which he was involved, and the applicable police techniques and procedures that is not already known to the parties to this action. This is doubtless due in part to the fact that some of the Defendants in this action are the police officers that were coordinating the handling of the decedent with the LAPD, and the Plaintiffs are decedent's immediate family.

Further, as the public pleadings already on file in this matter demonstrate, the parties are also familiar with many of the identifying details related to the targets of the investigation, the locations to which the drug-trafficking organization under investigation sent shipments, the amount of illegal substances involved in the various shipments, and the name of the officer who was LAPD's principal contact with the decedent. In addition, to information that is public because of this matter, two of the targets are being prosecuted for the murder of the decedent in Maricopa County Superior Court in *Arizona v. Edgar Enriquez and Luis Moscoso-Hernandez*, CR-2006-16349.

1    While LAPD asserts that some of the information that is in the file pertains to LAPD
2 operations that are not related to this lawsuit, LAPD offers no general suggestion as to the
3 type of information contained in the file that would impact separate LAPD operations, and
4 none is apparent to the Court upon its review of the file.  Thus, LAPD presents no sufficient
5 reason to believe that production of the documents would interfere with an ongoing LAPD
6 operation.

7    It is apparent then that any concern pertaining to the release of the above information
8 in at least the above respects, is not that the parties will become aware of it, but rather that
9 the parties may disclose this information to non-parties and so risk its indiscriminate
10 dissemination.  Defendants assert that they, as police officers, and a municipality have no
11 interest in revealing information that may be obtained from the LAPD's informant files.
12 Plaintiff provides the same assurance.  The parties agree that they will be bound by a
13 protective order pertaining to these files entered by the Court.  The Court determines that,
14 with the exceptions detailed below,  the categories of information discussed above can be
15 protected from inappropriate dissemination by requiring LAPD to deliver the documents in
16 the file subject to a protective order filed contemporaneously herewith, with a copy provided
17 to LAPD.

18    In addition to protecting facts relating to ongoing investigations and police techniques
19 and procedures, however, the law enforcement privilege also exists to protect law
20 enforcement personnel, and to safeguard the privacy of individuals involved in an
21 investigation. The parties to the litigation have made it clear that they seek disclosure of the
22 documents to identify other confidential informants and/or undercover police officers who
23 may know facts relevant to this case.  For example, the parties state they wish to identify
24 "Tomas " because  one of [the decedent's] family members testified that after his death, she
25 was contacted by him and he "represented that he was associated with the LAPD."  The
26 documents also disclose the identity of the decedent's chief contact with the LAPD, already
27 known to the parties, and further disclose a state trooper from another state who originally
28 identified the decedent to the LAPD as having the ability to work as an informant for the

- 4 -

1  LAPD. Because the parties are already aware of the identity of the LAPD's chief contact
2  with the decedent, the court determines that his name should not be redacted from the
3  documents provided to the parties given that the documents will be subject to the protective
4  order. Further, because the identity of the state trooper who originally identified the decedent
5  to the LAPD may be in possession of information that will be relevant to the parties
6  concerning the length and knowledge of the decedent's activities as a confidential informant,
7  and because there is no indication in the record that the trooper's identity is confidential,
8  that name also shall not be redacted from the documents since such disclosure is also subject
9  to the protective order.

10  While the LAPD does not assert that most of the names of the LAPD supervisory
11  personnel which appear in the documents are confidential, it does assert that the identity of
12  some of its officers appearing in the document are not known by the public at large to be
13  police officers. It makes the same assertion on behalf of its confidential informants, other
14  than the decedent, whose names or CI serial numbers appear in the documents. There is no
15  reason for the Court to conclude that the parties are aware of any of the other identities of the
16  officers or informants that the LAPD asserts are not known to the public generally.

17  The mere possibility that "Tomas" or any other confidential informant or police
18  officer associated with the LAPD may have unspecified information pertaining to the
19  decedent, is insufficient to reveal the identity of confidential informants or police officers to
20  the parties in this case. Absent the identification of specific and significant information that
21  the parties believe may be only discovered from a confidential informant or officer, the
22  interest of the LAPD in protecting the identity of its confidential personnel and informants
23  is compelling and outweighs any interest that the parties may have in obtaining the identities
24  of confidential personnel merely to discover whether they possess any information of
25  interest. This is especially true in light of the information contained in the balance of the file
26  to be turned over to the parties subject to protective order. Therefore,

27  **IT IS HEREBY ORDERED** granting the Motion to Compel (Dkt. # 86).

28

- 5 -

**IT IS FURTHER ORDERED** that the LAPD may redact the specific information specified below before delivering the documents to the parties subject to the protective order. Such delivery will be accomplished within two weeks of the date of this Order. In addition to the redactions generally discussed above, the authorized redactions also pertain to the identity and address of the decedent at the time, and certain particulars of the investigation that it is not apparent to the Court are already public or in the possession of the parties. The LAPD thus may redact the documents in the following particulars:

### **Documents on the Right Hand Side of the File as It Is Maintained**

1. On the document entitled Informant Information Form (1 page) - the LAPD may delete the information contained in box 3 -- home address of informant, box 4 -- residence phone, box 16 -- social security number, box 18 -- mobile phone number, all of the information contained in boxes 26-28 pertaining to the former address of the decedent, and the information contained in boxes 37-38 pertaining to the decedent's family members.

2. On the document entitled Officer's Checklist–Continuation Sheet, the LAPD may delete the first two officer names and serial numbers under the column entitled "Undesirable informant file Date/Person & Serial No. Contacted/ results of check."

3. The various consolidated criminal history system printouts contain five separate summaries of information that appear to be provided from the California DMV and contain the mailing and other addresses of the confidential informant and his family. LAPD may delete the mailing and other address information contained in these documents.

4. The last page on the right hand side is a printout with the word "vehicle" handwritten on the bottom and dated 02/02/06. The LAPD may redact from this document the residence and other address on the form as well as the city and the zip code.

**Documents on the Left-Hand Side of the Document As It is Maintained**

1. In the first Informant Contact Form (undated) on the left hand side of the file, the LAPD may delete the printed and signed name as well as the serial number of the supervisor (Sgt./Detective Supervisor) who appears in the middle column of section 5--the approval section.

2. In the Informant Contact Form dated 12-13-06 (2 pages) the LAPD may delete the name and serial number of the partner officer in box 4 section 2. The LAPD may also delete the name signature and serial number of the Officer/Detective and supervisor in Section 5 and delete the same officer's name from the Brief explanation narrative in box six section three. On page two box six the LAPD may delete the name, address and CDL # of the confidential informant's spouse. It may further delete the name, signature and serial number of the officer identified in box 13.

3. In the Supplemental Police Accounting Expenditure Report with attached fact sheet (3 pages) the LAPD may redact on page one the information in the box entitled "location of informant payment," It may further delete the identity and signature of the decedent's spouse who received the payment. On page two paragraph two the LAPD may redact the last two words from line six of that paragraph and they may redact line seven in its entirety. On page three paragraph one the LAPD may delete the four words following Enriquez on line four of that paragraph, and the two words following Enriquez on line six of that paragraph and the two words following the second Enriquez on line eight of that paragraph, and the two words following Enriquez on line twelve of that paragraph.

4. In the Informant Contact Form dated 10/6/06 the LAPD may redact names and serial numbers contained in box 7.

5. In the Informant Contact Form dated 10/5/06 the LAPD may redact names and serial numbers contained in box 7 and 19.

6. In the Informant Contact Form dated 10/4/06 the LAPD may redact names and serial numbers contained in box 7.

7. In the Informant Contact Form dated 9/19/06 the LAPD may redact name and serial number contained in box 9.  In box 16 line 2 the LAPD may redact any suspects identified or referred to other than "Ingeniero." The LAPD may also redact the serial number of the other CI present during the meeting on line four of box 16.

8. In the Informant Contact Form dated 8/26/06 the LAPD may redact in box 16 line 5 the name and or cell phone number of any suspect other than Edgar Enriquez.

9. In the Informant Contact Form dated 8/15/06 the LAPD may redact box 16 line 3 and the first line in box 17.

10. In the  Informant Contact Form dated 7/13/06 the LAPD may redact the first two lines under box 17.

11. In the Informant Contact Form dated 6/20/06 the LAPD may redact names and serial numbers contained in boxes 8 and  9 and boxes 18 and 19.  In box 16 line 1 the LAPD may redact the name of the partner officer that appears.  In line two the LAPD may delete the serial number of the other confidential informant mentioned in that line.

12. In the  Informant Contact Form dated 5/16/06 the LAPD may redact the name and serial number of the partner officer contained in line two of section four.

13. In the Informant Contact Form dated 4/19/06 the LAPD may redact the last three lines from the narrative section of the report that identify another CI previously associated with this serial number.

14. In the Informant Contact Form dated 4/12/06 the LAPD may redact the cell phone numbers of the subjects identified.

15. In the Informant Contact Form dated 2-07-06, 2100 hours, the LAPD may redact all of the information in the follow-up section identifying a suspect.

**IT IS FURTHER ORDERED** directing the Defendants to mail a copy of this Order to the Los Angeles Police Department.

DATED this 26th day of January, 2009.

_____
G. Murray Snow
United States District Judge