**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, an individual, on behalf of herself and the surviving beneficiaries of John Doe; and Estate of John Doe,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, a municipality; Lieutenant Vincent Piano, in his individual and official capacities as an officer with the City of Phoenix Police Department; Detective David Duron, in his individual and official capacities as an officer with the City of Phoenix Police Department; and; Detective Joseph Lanzo, in his individual and official capacities as an officer with the City of Phoenix Police Department,<br><br>Defendants. | No. CV-07-1901-PHX-GMS<br><br>**PROTECTIVE ORDER** |

Upon its Order granting in part the City of Phoenix's Motion to Compel, the Court enters the following Protective Order.

**1. Protection of the Los Angeles Police Department's Confidential Informant File**.

The Confidential Informant File shall be kept confidential and each of its pages shall be designated as such by using the following designation: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER." All confidential information shall be used solely for the purpose of the above-captioned litigation and no other purpose. No party, counsel, employee or agent of any party or counsel shall disclose any confidential information except as permitted by this protective order.

**2. Access to Confidential Information**.

Unless otherwise provided in this Order or by the Court, access to the confidential information contained in the Confidential Informant File shall be restricted to the Court, its officers, and to the following counsel, their employees, experts and witnesses:

    a. Attorneys for any party to this action, including their paralegals and other employees, for purposes of this case only. The Confidential Informant File or any part thereof may not be used, disclosed, or provided, under any circumstances, in any other case, related or not, without the approval of the Los Angeles Police Department and this court.

    b. Testifying or consulting expert witnesses.

    c. Members of the jury in open court, should this case proceed to trial.

Any person to whom confidential information is disclosed will be furnished with a copy of this Protective Order and will be subject to the Order.

The confidential information shall not be disclosed to any media outlets or other person including, but not limited to, newspapers, news bulletins, television stations, radio stations, print media, internet media, or public interest groups.

The confidential information will be produced with the label: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

If either party or their counsel or experts are required by law or court order to disclose the Confidential Informant File to any person or entity not identified above, the name of that person or entity will be furnished to legal counsel for the Los Angeles Police Department as

1 far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so
2 that the Los Angeles Police Department may object and seek further protection as necessary.
3 Once an objection has been made, there will be no disclosure until the matter is resolved,
4 unless disclosure is required by law or court order.  Any person not listed above, who is
5 entitled to receive the confidential information included in the Confidential Informant File,
6 must be furnished with a copy of the Protective Order.

7 **3.** **Use of the Confidential Information in Depositions**.

8 Attorneys for any party to this action may show deponents the confidential
9 information.  Pages in the deposition transcript which reference the confidential information
10 shall be designated as "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE
11 ORDER." Such confidential information within the deposition transcript will be designated
12 by parties by underlining the portions of the pages that contain the claimed confidential
13 information and marking such pages with the following: "CONFIDENTIAL
14 INFORMATION - SUBJECT TO PROTECTIVE ORDER." The portions of the deposition,
15 including exhibits, containing confidential information shall be filed under seal separate from
16 the portions and exhibits not so marked.

17 **4.** **Use of the Confidential Information in Open Court**.

18 The procedure for use of the confidential information, designated as Confidential,
19 during any hearing or the trial of this matter shall be as follows:

20 a. The Court Reporter will be directed to bind those portions of the
21 transcript containing the confidential information separately.  This request will be made on
22 the record whenever practical.

23 b. The cover of any portion of a transcript that contains testimony or
24 documentary evidence that has been designated confidential Information will be prominently
25 marked with the legend: "CONFIDENTIAL INFORMATION - SUBJECT TO
26 PROTECTIVE ORDER."

27
28

   c. All portions of the transcripts designated as confidential information will be sealed and will not be disseminated except to the parties, the attorneys, and the Court and its officers.

**5.** **Filing of Documents.**

All pleadings that contain confidential information shall be filed in the public records in redacted form, with as few redactions as possible. An un-redacted version will be filed under seal with the Clerk of the Court. The un-redacted version will be filed in a sealed envelope prominently marked with the caption of the case, the identity of the party filing the envelope, and labeled: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

**6.** **Agreement to Abide by the Terms of the Protective Order**.

Each person designated in Paragraph 3, by receiving and reading a copy of the Protective Order entered by the Court, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order is breached. This Court retains and shall have jurisdiction over the parties and recipients of the protected documents for enforcement of the provisions of this Order following termination of this litigation.

**7.** **Objections to Admission at Trial**.

The parties reserve the right to object to the admissibility of these materials at trial.

8. **Return of Documents**.

Within thirty (30) days of the termination of this action, each party shall return all copies of information derived from the Confidential Informant File to the LAPD, or, alternatively certify to the LAPD that all such information has been destroyed.

DATED this 26th day of January, 2009.

_____
G. Murray Snow
United States District Judge